Tagged opinion

ORDERED in the Southern District of Florida on August 31, 2009



John K. Olson, Judge
United States Bankruptcy Court

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

In re:                                                                    Case No.: 08-17980-BKC-JKO

**TRAFFORD DISTRIBUTING CENTER,**                Chapter 7
**INC.** a/k/a **Inc.TRAFFORD DISTRIBUTION**
**CENTER, INC.,**

      Debtor.
_____/

**SONEET R. KAPILA,** Trustee in Bankruptcy
for **TRAFFORD DISTRIBUTING**
**CENTER, INC.,**

      Plaintiff,                                                      Adv. Proc. No.: 08-1759-JKO

-vs-

**RICHARD I. CLARK AS TRUSTEE FOR**
**MATTHEW WORTLEY TRUST** d/b/a **X CO.**
**FINANCE, RICHARD I. CLARK AS TRUSTEE**
**FOR MATTHEW WORTLEY TRUST** d/b/a
**X CO. FACTORING CORP., RICHARD I.**
**CLARK AS TRUSTEE FOR UNIDENTIFIED**
**MATTHEW WORTLEY TRUST** d/b/a **X CO.**
**FINANCE, RICHARD I. CLARK AS TRUSTEE**

FOR UNIDENTIFIED MATTHEW WORTLEY,
TRUST d/b/a X CO. FACTORING CORP.,
RICHARD I. CLARK d/b/a X CO. FACTORING
CORP., RICHARD I. CLARK d/b/a X CO
FINANCE, RICHARD I. CLARK d/b/a JOSEPH
M. WORTLEY TRUST, RICHARD CLARK
d/b/a MATTHEW WORTLEY TRUST,
RICHARD I. CLARK AS TRUSTEE FOR
JOSEPH M. WORTLEY TRUST d/b/a X CO.
FACTORING CORP., RICHARD I. CLARK AS
TRUSTEE FOR JOSEPH M. WORTLEY
TRUST d/b/a X CO. FINANCE,

   Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION
## FOR PARTIAL SUMMARY JUDGMENT [DE 121]

  **IN THIS ADVERSARY PROCEEDING** brought by the chapter 7 trustee (the "Trustee" or "Plaintiff"), the Plaintiff seeks a determination on his motion for partial summary judgment (the "Motion") [DE 121] that the Trustee's rights in collateral are superior to those of Defendants. As Defendants' Lien is unperfected, I will grant the Motion, concluding that the Trustee holds superior right, title, lien and interest in any property of the estate, including, but not limited to, a receivable allegedly owed by H.J. Heinz Company (the "Heinz Receivable") and such property referenced in the Defendants' Lien pursuant to a financing statement filed with the Pennsylvania Secretary of State (the "Financing Statement"). I will further grant a permanent injunction against the Defendants, enjoining the Defendants from collecting, in any manner whatsoever, on any receivables of the Debtor including, but not limited to, the Heinz Receivable, such property detailed in the Financing Statement, or any other assets of the estate, and award interest, costs, and fees in favor of the Plaintiff.

## FACTS

### 1. Procedural History

The Debtor filed its voluntary Chapter 7 petition on June 13, 2008. *See* [DE 1] in the main bankruptcy case. On November 12, 2008, the Chapter 7 Trustee filed the Complaint against the Defendants seeking to determine the validity, priority, and extent of a lien claimed by Defendants, and to avoid and recover preferential and fraudulent transfers. *See* [DE 1]. The Plaintiff filed his Amended Complaint [DE 6] on November 19, 2008. The Defendants filed their Answer and Affirmative Defenses [DE 34] on December 16, 2008. The Motion was filed on June 22, 2009. The Defendants filed a response to the Motion (the "Response") on July 10, 2009, and on July 24, 2009, the Plaintiff filed a reply to the Response. A joint stipulation of facts was filed on July 24, 2009 [DE 124]. I conducted oral argument on the Motion on July 29, 2009.

### 2. Stipulated Facts

On September 23, 2003, the Debtor was formally incorporated with the Florida Secretary of State. On or about October 2, 2003, the Debtor entered into a Factoring Agreement with X Co. Factoring Corp. as well as a security agreement with X Co. Factoring Corp. as a servicing agent. Between October 3, 2003 and January 30, 2004, funds were transferred as described in transaction receipts as set forth in Transaction Receipts attached as "Exhibit 6" to [DE 125]. In or about August of 2005, the Debtor entered into an Accounts Receivable Finance Agreement with X Co. Finance. On May 9, 2008, Richard I. Clark filed a UCC Financing Statement, File Number 2008051205813, on behalf of X Co. Finance in Pennsylvania. No UCC-1 was ever filed in the State of Florida. *See* "Exhibit 7" attached to [DE 125].

X Co. Finance and X Co. Factoring Corp. are not registered corporations. When asked to

identify the form of business of X Co. Finance, Mr. Clark (the purported trustee of the trust and the New Jersey lawyer for most, if not all, of the Defendants) stated that X Co. Finance is a trust. *See* "Exhibit 2" attached to [DE 6] at 4 and 17. Joseph G. Wortley, the purported beneficiary of that trust, testified that both X Co. Finance, Inc., and X Co. Factoring were fictitious names for the trust. *See* "Joseph G. Wortley 2004 Examination," November 19, 2008 (the "Joseph Wortley Exam") [DE 116] at 69. Mr. Clark does not possess any tax returns for X Co. Finance, X Co. Factoring Corp. or the Joseph G. Wortley Trust. No tax return was ever filed for the Joseph M. Wortley Trust.

The Debtor lists a debt owed by H.J. Heinz Company ("Heinz") in the amount of $231,062.42 pursuant to an account receivable payment due to the Debtor under the contract entered into between the Debtor and Heinz (the "Heinz Receivable"). *See* "Schedule B" in [DE 1] in the main bankruptcy case. The Debtor schedules in the main bankruptcy case list a lien with X Co. Finance c/o Laddey Clark and Ryan (the "Lien") in the amount of $293,444.26. *See* "Schedule D" in [DE 1] in the main bankruptcy case.

In June, 2008, Mr. Clark sent a letter to the Trustee's counsel claiming a property interest in the Heinz Receivable. *See* "Exhibit 6" attached to [DE 6]. When asked to identify all documents which evidence or show the transaction giving rise to the debt underlying the filing of the Financing Statement, Richard Clark referenced and attached the Factoring Agreement, dated October 2, 2003, between X Co. Factoring Corp. and the Debtor and attached wire transfer documents ("Wire Transfers"). *See* "Exhibit 2" attached to [DE 6] at 4 and 22. Mr. Clark further stated in a November 12, 2008, letter that he has:

> ...proof that this Trust through my Trust Account paid over $231,000 to Trafford under Factoring Agreements by which X Co. purchased receivables from Trafford. It is our position that the receivable purchase does not require UCC filings. The UCC

>in Pennsylvania was only an attempt to further solidify the position that X Co. and the Trust have in these transactions. The Trust allowed Trafford to collect the accounts receivable which is the Trust's property so long as receivables were replaced with new receivables which incurred for several years.

*See* "Exhibit 3" attached to [DE 6].

On July 3, 2008, the Trustee's counsel sent a demand letter ("Demand Letter") to Mr. Clark. *See* "Exhibit 3" attached to [DE 6]. On October 21, 2008, the Trustee filed an adversary complaint against Heinz entitled *Soneet R. Kapila, Trustee in Bankruptcy for Trafford Distributing Center, Inc. vs. H.J. Heinz Company*, Case No. 08-01723-JKO, for declaratory relief pursuant to Bankruptcy Rules 7001(9), payment of debt pursuant to 11 U.S.C. § 542(b), or alternatively, turnover of property pursuant to 11 U.S.C. § 542(a), breach of contract, quantum meruit, and promissory estoppel (the "Heinz Complaint"). *See* [DE 1] in Adversary Pro. No. 08-1723-JKO-A. In the Heinz Complaint, the Trustee is seeking for Heinz to pay the estate $253,886.85. On June 10, 2009, Mr. Clark filed a proof of claim on behalf of the Joseph M. Wortley Trust. *See* "Proof of Claim No. 9" in the Claims Register. In that proof of claim, the Joseph M. Wortley Trust asserts that it owns the subject of accounts receivable (including the Heinz Receivable) pursuant to a Factoring Agreement, and alternatively seeks recovery of the amounts owed pursuant to that Agreement.

## DISCUSSION

### 1. Legal standard for summary judgment

Under Rule 56 of the Federal Rules of Civil Procedure, incorporated into bankruptcy proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary judgment is proper if the pleadings, deposition, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material facts and that the moving

party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party bears the initial burden of showing the Court that there are no genuine issues of material fact that should be decided at trial. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The Supreme Court explained in *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970), that when assessing whether the movant has met this burden, the court should view the evidence and all factual inferences in the light most favorable to the party opposing the motion and resolve all reasonable doubts in that party's favor. *See also Samples on behalf of Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir.1988). The Eleventh Circuit has explained the reasonableness standard:

> In deciding whether an inference is reasonable, the Court must 'cull the universe of possible inferences from the facts established by weighing each against the abstract standard of reasonableness.' The opposing party's inferences need not be more probable than those inferences in favor of the movant to create a factual dispute, so long as they reasonably may be drawn from the facts. When more than one inference reasonably can be drawn, it is for the trier of fact to determine the proper one.

*WSB-TV v. Lee*, 842 F.2d 1266, 1270 (11th Cir.1988)(internal citations omitted). A moving party discharges its burden on a motion for summary judgment by "showing" or "pointing out" to the Court that there is an absence of evidence to support the non-moving party's case. *Celotex*, 477 U.S. at 325.

The party opposing the motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; after the moving party has met its burden of coming forward with proof of the absence of any genuine issue of material fact, the non-moving party must make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Celotex,* 477 U.S. at 324.; *Poole v. Country Club of*

*Columbus, Inc.*, 129 F.3d 551, 553 (11th Cir. 1997). If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial. *Environmental Defense Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).[1] By its very terms, the standard for summary judgment provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A dispute about a material fact is "genuine" if the "evidence is such that a reasonable [finder of fact] could return a verdict for the nonmoving party." *Id.* at 248. As there is no genuine issue as to the material facts, the Motion is ripe for adjudication.

### 2. The validity, priority, or extent of the lien and interest in the property of the estate, limited to the Heinz Receivable and the property referenced in the Financing Statement

Pursuant to 11 U.S.C. § 544 and Federal Rule of Bankruptcy Procedure 7001(2), a bankruptcy court may determine the validity, priority, or extent of a lien as well as interests in property. The Trustee seeks judgment determining that the property referenced in the Defendants' Lien is property of the bankruptcy estate pursuant to 11 U.S.C. § 541, and that the Trustee holds a superior right in that property to any interest held by the Defendants pursuant to § 544. The Trustee thus seeks a determination that he should be free to administer such assets of the bankruptcy estate, free and clear of any claim of right, title, lien, or interest by the Defendants. Since I find that Defendant's Lien is unperfected, rendering it unsecured, I will grant the Motion and the relief requested therein.

---

[1] Fifth Circuit Decisions entered before October 1, 1981, are binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

## A. Defendants' Lien is unperfected and unsecured

The facts as stipulated by the parties are sufficient to demonstrate that Defendants' Lien is unsecured. According to Florida Statutes § 679.3011, adopted as part of Florida's version of Revised Article 9 to the Uniform Commercial Code, the law of the jurisdiction in which the debtor is located governs the perfection and priority of security interests. Florida Statutes § 679.3071(5) provides that a registered organization that is organized under the law of a state is located in that state. The Debtor in this case is incorporated with the Florida Secretary of State, and is located in Florida as a matter of law. Thus, applying Florida law, any Financing Statement with respect to the Debtor should have been filed in Florida, not in Pennsylvania.[2] Accordingly, the Defendants failed to properly record the Financing Statement in Florida pursuant to revised Article 9, as adopted by the Florida Statutes.

The Trustee relies on *In re Ashoka Enterprises, Inc.* 125 B.R. 845, 846 (Bankr. S.D. Fla. 1990), for the proposition that under Florida law, the filing of a financing statement with the Secretary of State is necessary to perfect a security interest in accounts receivable. This case is on point and persuasive. The law is pellucidly clear that the proper forum – indeed, the only forum –

---

[2]Pennsylvania has as well adopted the Uniformed Commercial Code. Accordingly, under 13 Pa. Cons. Stat. § 9301, the local law of the jurisdiction where a debtor is located determines whether a security interest has been perfected. Similarly, under 13 Pa. Cons. Stat. § 9307(b)(1), a debtor who is an individual is located in the state in which the debtor principally resides. Thus, when a debtor resided in Florida, as in this case, Florida's substantive law regarding the perfection of a security interest applied in a dispute filed in a Pennsylvania court between two entities with claims to the debtor's assets applies. *Huntington Nat'l Bank v. Global Publ. Papers, Inc.*, 2004 PA Super 239, 853 A.2d 396 (Pa. Super. Ct. 2004), appeal denied by 582 Pa. 686, 870 A.2d 322 (2005) (holding that "the choice of law rules of Pennsylvania's Revised Article 9 directs a trial court to apply the substantive local laws of the perfection state to determine whether . . .[a] security interest was perfected," thus Florida law controlled the perfection of a security interest).

in which to perfect the Financing Statement is Florida. It is notable that Defendants cite no legal authority to the contrary. The Defendants' security interest is not perfected.

### B. Trustee holds superior right, claim, title, and interest in the property referenced in the Financing Statement, including, but not limited to, the Heinz Receivable as against the Defendant

Pursuant to 11 U.S.C. § 544, the Trustee holds superior title, claim, interest, and right in the property referenced in the Financing Statement, including, but not limited to, the Heinz Receivable as against the Defendant. Section 544 is designed to aid the Trustee in recovering property of the estate for eventual benefit of all creditors. *In re Johnson*, 28 B.R. 292 (Bankr. N.D. Ill. 1983). As Defendants' security interest was never perfected, the Trustee can, therefore, avoid the Lien under § 544(a), and preserve it under § 551 for the benefit of the estate and thus for the eventual benefit of all creditors.

### 3. Injunction against Defendants, enjoining Defendants from collecting on any receivables of the Debtor, including the Heinz Receivable.

The Trustee seeks an injunction as to the Defendants under Federal Rule of Bankruptcy Procedure 7001(7) and 7065, and 11 U.S.C. § 105 as to any actions to collect on any receivables, in any manner whatsoever, of the Debtor, including, but not limited to, the Heinz Receivable, such property detailed in the Financing Statement, or any other assets of the estate. Federal Rule of Bankruptcy Procedure, section 7065, incorporates Federal Rule of Civil Procedure section 65(b), and provides that a bankruptcy court may grant an applicant's request for a temporary restraining order or preliminary injunction if the requesting party indicates that: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) the movant will suffer irreparable harm unless the injunction is granted; (3) the threatened injury to the movant outweighs whatever damage the

proposed injunction may cause the opposing party; (4) the injunction, if granted, would not be adverse to public interest and (5) there is no adequate remedy at law. *In re Prime Motor Inns*, 131 B.R. 233 (Bankr. S.D. Fla 1991); *In re Templeton*, 150 B.R. (Bankr. N.D. Ill. 1993). For a permanent injunction, the standard is essentially the same as that for a preliminary injunction, except that the movant must establish actual success on the merits, as opposed to a likelihood of success. *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1268 (11th Cir. 2006) (citing *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n.12 (1987)).

The issuance of an injunction under Federal Rule of Bankruptcy Procedure section 7065 against the Defendants is necessary and appropriate in this case. The Defendants are enjoined from acting in the manner threatened in its November 12, 2008 letter because immediate and irreparable injury will result to the Plaintiff if the Defendants are free to collect on any receivables of the Debtor, including, but not limited to, the Heinz Receivable, such property detailed in the UCC Statement, or any other assets of the estate. Failure to enjoin Defendants may very well result in preventing the Trustee from recovering the Heinz Receivable and such property detailed in the Financing Statement which are the property of the estate. The issuance of an injunction in this case does not substantially affect the public interest and will benefit the public interest by maintaining the status quo by preventing collection, in any manner whatsoever, on any receivables of the Debtor including, but not limited to, the Heinz Receivable, such property detailed in the UCC Statement, or any other assets of the estate.

Further, the court may enter an injunction pursuant to 28 U.S.C. § 959(a) and Section 105(a) of the Bankruptcy Code upon a showing that the enjoined action would "impede, impair or irreparably interfere with the administration of the estate." *In re Lickman*, 297 B.R. 162, 205 (Bankr.

M.D. Fla. 2003) (citing *Baptist Medical Center of New York v. Singh*, 80 B.R. 637, 644 (Bankr. E.D.N.Y. 1987)). As a substantial number of creditors in the case illustrate, releasing the property of the estate, including, but not limited to, the Heinz Receivable would cause the Plaintiff, as well as the creditors, substantial damage. Moreover, Plaintiff has no adequate remedy at law, as the best legal remedy would relegate the Plaintiff to filing a separate claim for damages each time it is injured anew. *Women's Center, Inc. v. McMonagle*, 665 F. Supp. 1147, 1152 (E.D. Pa. 1987) (citing 11 C. Wright & A. Miller Federal Practice and Procedure § 2942-44 (1973)).

Accordingly, I hold that the Plaintiff is entitled to a permanent injunction against the Defendants, enjoining the Defendants from collecting, in any manner whatsoever, on any receivables of the Debtor including, but not limited to, the Heinz Receivable, such property detailed in the UCC Statement, or any other assets. Pursuant to the provisions of Bankruptcy Rule 7065, no bond is required.

### 4. Damages

The Trustee seeks compensatory and punitive damages, costs and reasonable attorney fees incurred as a result of remedial measures taken against Defendants to enjoin them from collecting on any accounts receivable from the Debtor, including, but not limited to, the Heinz Receivable and such property detailed in the Financing Statement, pursuant to 11 U.S.C. § 362(k) and 11 U.S.C. § 105, alleging that Defendants willfully violated the automatic stay.

To establish willfulness, the plaintiff must show that the defendants "intentionally committed the violative act." *Jove Eng'g v. IRS*, 92 F.3d 1539, 1555 (11th Cir. 1996). The plaintiff need not show a specific intent to violate a court order, but merely an intention to take the action about which the complaint is made. *In re Xavier's of Belville, Inc.*, 172 B.R. 667, 671 (Bankr. M.D. Fla. 1994).

It is clear that the Defendants committed a willful violation of the stay by manifesting their intent to violate the stay in the Demand Letter. Having determined that Defendants' violation of the stay was willful, the Court must now consider what sanctions are appropriate.

Section 362(k) provides a remedy to an "individual" who has been damaged by a violation of the automatic stay. However, the state of the law in this Circuit, consistent with the plain language of the statute, is "that a trustee is limited to sanctions under Section 105(a) when confronted with a stay violation," and is not an individual within the meaning of Section 362(k). *Henkel v. Lickman*, 297 B.R. 162, 196 (Bankr. M.D. Fla. 2003). The Court therefore will limit its consideration to sanctions under 11 U.S.C. § 105, as Plaintiff is not eligible to recover mandatory sanctions under 11 U.S.C. § 362(k).

Section 105(a) "grants courts independent statutory powers to award monetary and other forms of relief for automatic stay violations to the extent such awards are 'necessary or appropriate' to carry out the provisions of the Bankruptcy Code." *Jove Eng'g v. IRS*, 92 F.3d 1539, at 1555. Additionally, Section 105(a) provides no authority for the imposition of punitive damages for violations of the automatic stay, thus no punitive damages may be awarded. *Id.* at 1559.

To justify compensatory sanctions, the plaintiff must show that the estate has suffered "actual injury as a result of the violation of the automatic stay, and must relate that injury to the damages sought." *In re Sumpter*, 171 B.R. 835, 844 (Bankr. N.D. Ill. 1994). Plaintiff seeks compensatory judgment in the form of attorney fees and costs associated with Defendants' conduct attempting to collect on assets which are property of this bankruptcy estate.

Conversely, the Defendants, in their Response, seek an award of attorney fees and costs from the Trustee, as they feel the Trustee's Motion is "outrageous." This request will be denied as the

Defendants fail to ground their claim for damages on any applicable law upon which relief may be granted.

For the reasons set forth above, it so **ORDERED:**

1. The Plaintiff's Motion [DE 121] is **GRANTED.**

2. It is hereby **DETERMINED** that Plaintiff holds superior right to the property referenced in the Defendants' Lien, including, but not limited to, the Heinz Receivable; all such property is property of the bankruptcy estate; and the Trustee is free to administer such assets of the bankruptcy estate, free and clear of any claim of right, title, lien, or interest by the Defendants.

3. Plaintiff's request for a preliminary and permanent injunction against the Defendants, enjoining Defendants from collecting, in any manner whatsoever, on any receivables of the Debtor including, but not limited to, the Heinz Receivable, such property detailed in the Financing Statement, or any other assets of the estate is hereby **GRANTED.**

4. Plaintiff's request for attorneys' fees and costs is **GRANTED** and, because no showing of actual damages other than such fees and costs has been made, the Trustee's request for additional sanctions is **DENIED**. Plaintiff is **DIRECTED** to submit an affidavit, within 10 days of the entry of this order, containing the amount of fees and costs sought. Defendant will have 10 days thereafter to file an objection as to the reasonableness of the requested fees and costs. If no objection is filed, then the Plaintiff is directed to submit a proposed order granting such fees and costs. If

an objection is levied, then this matter will be scheduled for hearing in the normal course.

5. Defendants' request for attorneys' fees and costs is **DENIED**.

###

Copies furnished to:

Michael R. Bakst, Esq.
222 Lakeview Ave # 800
West Palm Beach, FL 33401

Attorney Bakst is directed to serve a conformed copy of this order on all interested parties.