UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:      CASE NO. 08-17980-BKC-JKO
CHAPTER 7

TRAFFORD DISTRIBUTING CENTER, INC.
a/k/a Trafford Distribution Center, Inc.,

    Debtor.
_____/
SONEET R. KAPILA, Trustee in Bankruptcy
for TRAFFORD DISTRIBUTING CENTER, INC.,

    Plaintiff,

vs.

RICHARD I. CLARK AS TRUSTEE FOR
MATTHEW WORTLEY TRUST d/b/a X CO. FINANCE,
RICHARD I. CLARK AS TRUSTEE FOR      Adv. Case No. 08-01759-JKO
MATTHEW WORTLEY TRUST d/b/a
X CO. FACTORING CORP., RICHARD I. CLARK
d/b/a X CO. FACTORING CORP., RICHARD I. CLARK
d/b/a X CO. FINANCE., RICHARD I. CLARK AS
TRUSTEE FOR JOSEPH M. WORTLEY TRUST d/b/a
X CO. FINANCE, RICHARD I. CLARK AS TRUSTEE
FOR JOSEPH M. WORTLEY TRUST d/b/a
X CO. FACTORING CORP., RICHARD I. CLARK d/b/a
MATTHEW WORTLEY TRUST, RICHARD I. CLARK
d/b/a JOSEPH M. WORTLEY TRUST

    Defendants.
_____/
SONEET R. KAPILA, Trustee in Bankruptcy
for TRAFFORD DISTRIBUTING CENTER, INC.,

    Plaintiff,
vs.

LIBERTY PROPERTIES AT TRAFFORD, LLC,      Adv. Case No.:08-01792-JKO
LIBERTY ASSOCIATES, LC, AND
ADVANCED VEHICLE SYSTEMS, LLC,

    Defendants.
_____/

SONEET R. KAPILA, Trustee in Bankruptcy
for TRAFFORD DISTRIBUTING CENTER, INC.,

        Plaintiff,

vs.

BARBARA WORTLEY,                                                  Adv. Case No.: 08-01793-JKO

        Defendant
_____/

## DEFENDANTS' MOTION TO DISQUALIFY MICHAEL BAKST AND THE RUDEN MCCLOSKY LAW FIRM, ATTORNEYS FOR SONEET R. KAPILA, TRUSTEE IN BANKRUPTCY FOR TRAFFORD DISTRIBUTING CENTER, INC.

Movants, RICHARD I. CLARK AS TRUSTEE FOR THE JOSEPH M. WORTLEY TRUST d/b/a X CO. FACTORING CORP. ("Mr. Clark") and in all other capacities named herein, LIBERTY PROPERTIES AT TRAFFORD, LLC ("Liberty Properties"), LIBERTY ASSOCIATES, LC ("Liberty Associates"), ADVANCED VEHICLE SYSTEMS, LLC ("AVS"), and BARBARA WORTLEY ("Mrs. Wortley") (collectively referred to herein as "Defendants"), by and through undersigned counsel, move that this Court disqualify attorney Michael Bakst ("Mr. Bakst"), and the Ruden McClosky law firm ("Ruden McClosky"), as attorneys for SONEET R. KAPILA, Trustee in Bankruptcy for TRAFFORD DISTRIBUTING CENTER, INC., and as grounds therefor state:

    1.     The Movants have recently discovered that during the litigation of the above styled action, in or about July and August, 2009, the Ruden McClosky law firm and Mr. Bakst employed attorney George Steven Fender ("Mr. Fender"), who was then apparently the fiancé of the Court herein, Judge John K. Olson, and enabled Mr. Fender to move from Orlando to South Florida and maintain a household with the Court. The benefit of this employment enabled Mr. Fender to continue the practice of law in West Palm Beach, but more importantly, live with Judge Olson. Pursuant to the statements of Judge Olson, Mr. Fender is now his fiancé or is effectively his spouse.

2. It appears that the employment of Mr. Fender was made with the intent to curry favor with Judge Olson who was then and still is now presiding in the above-styled action. Mr. Bakst is presently the attorney of record and lead counsel for the Trustee in bankruptcy herein, a prominent Bankruptcy practitioner, a panel Trustee and a frequent counsel for Trustees. Both the nature and timing of the employment leads a reasonable person to infer that there was, in fact, a motive and intent to curry favor with Judge Olson.

3. Thereafter, during litigation in these proceedings, while Mr. Bakst was lead counsel for Plaintiff in this case, he was also the direct supervisor of the Court's spouse, and this circumstance was never disclosed to undersigned counsel or Defendants.

4. The Movants believe that Mr. Bakst was successful in his endeavors, and has in fact succeeded in influencing the Court in his favor, and in favor of the Ruden McClosky law firm, in these proceedings.

5. There should be no question that the employment of Mr. Fender proved beneficial to Judge Olson because it fulfilled Judge Olson's and Mr. Fender's goal expediting the development of a spousal relationship between the Court and Mr. Fender. As a result of this employment, Mr. Fender was able to relocate his residence and job from Orlando to South Florida. Such conduct constitutes the bestowing of value on a Judicial Officer and therefore is prejudicial to the administration of justice.

6. Ruden McClosky and Mr. Bakst stand to benefit tremendously from the attorneys fees bestowed upon them by Judge Olson. Also, in turn, Mr. Fender and Judge Olson would potentially reap the benefits of fee awards, if Mr. Fender as Judge Olson's spouse is connected

financially to the award or bonus. Proper questions include whether or not Mr. Fender's income increased as a result of this hire compared with his income with the Litchford & Christopher in Orlando; whether Ruden McClosky might now be able to afford to give Mr. Fender or Mr. Bakst raises as a result of this successful litigation; whether Mr. Bakst will likely receive a bonus following a successful result in this case; and whether Mr. Fender is now in a better position to become an equity partner from this successful litigation. Additionally, Ruden McClosky and its attorneys know that they will be treated favorably every time a lawyer from Ruden McClosky appears before the spouse of a member of their firm.

7. This conduct is therefore in violation of the Rules of Professional Conduct with particular reference to Rule 4-3.5, entitled "Influencing Decision Maker".

8. This conduct is also in violation of Rule 4-8.4(d) because it is prejudicial to the administration of justice.

9. By separate Motions for Recusal, Defendants have asserted that the actions of the Court are in violation of 28 U.S.C. § 455 (a), and that it appears they may be in violation of § 455 (b) and discovery is requested in those regards. Accordingly, Mr. Bakst's conduct is also in violation of Rule 4-8.4 (f). For the same reasons Movants seek to take discovery for the purpose of further developing the issues herein, and request that they be permitted discovery before this matter is heard on the merits. Proposed discovery is attached as Exhibit "A" to the Defendants' Second Motion to Recuse, and incorporated herein by reference.

10. Such conduct by an attorney or law firm who curries favor with a presiding judge in the midst of litigation is conduct that brings the court and the legal profession into disrepute. This

conduct also provides an appearance of impropriety and casts a pall on the instant proceedings before Judge Olson. Under the circumstances, Mr. Bakst and Ruden McClosky are properly disqualified as counsel for the Trustee herein.

## MEMORANDUM OF LAW

In *United States v. Kitchin*, 592 F.2d 900 (5th Cir. 1979), the court considered the government's Motion to Disqualify the defendant's attorney, based upon the defense attorney's prior involvement in the case on the side of the prosecution. The case was closely scrutinized by the Court because it was a criminal action, the defendant's liberty was at stake and there was a high priority of allowing a defendant to have representation from the attorney of their choice. Despite this high threshold, the Court concluded that the subject attorney was required to be disqualified.

Conduct that is held to be "influencing a judge" was discussed in detail in *In re Rothenberg*, 535 N.E.2d 849 (Ill. 1989). In *Rothenberg*, the attorney provided $8,000 in no interest loans to circuit court judge while appearing before the judge. The court found that this was a violation of a rule in Illinois' code of professional responsibility which is similar to Rule 4-8.4 (a). The conduct was found to be amounting to giving a thing of value to a judicial officer, engaging in conduct prejudicial to the administration of justice, engaging in actions tending to bring the court and legal profession into disrepute, and failing to avoid the appearance of impropriety. As the $8,000 in no interest loans amounted to impropriety, then certainly providing the Court's fiancé with a job amounts to a similar, if not greater, level of impropriety. In any event, the giving and receiving of such a benefit between Trustee's counsel and the Bankruptcy Court creates the appearance of impropriety that requires disclosure pursuant to 28 U.S.C. § 455 (a), and the failure to disclose

amounts to actual impropriety.

In *JRL Enterprises, Inc. v. Procorp Assoc., Inc.*, No. 01-2893, 2003 WL 200434 (E.D.La. Apr. 29, 2003), the Court analyzed the issue of disqualifying an attorney for violation of Rules of Professional Conduct. The Court stated a rule from *United States v. Kitchin* as holding

> That an attorney may be disqualified from representing counsel for violations of the Code of Ethics only when there is a "reasonable possibility of some specifically identifiable impropriety" actually occurred and, in light of the interests underlying the standards of ethics, the social need for ethical practice outweighs the party's right to counsel of his choice.

*JRL Enterprises*, 2003 WL 2004434 at * 2 (citing *Kitchin*, 592 F.2d at 903). While disqualification was not ordered in the *JRL Enterprises* case, the rule is clear.

Similarly, in this case, it appears beyond doubt that identifiable impropriety actually occurred and that "the social need for ethical practice outweighs" the Trustee herein's right to counsel of his choice. Essentially, counsel is supposed to be representing the interests of the Trustee as a fiduciary to the Court. This is a delicate relationship as, while Mr. Bakst and Ruden McClosky are acting as counsel for the Court's fiduciary, they are also adversary counsel in litigation against the Defendants herein. Under the circumstances, Mr. Bakst's and Ruden McClosky's actions to curry the favor of the Court, by hiring Mr. Fender, are thoroughly inappropriate and require disqualification.

**WHEREFORE**, based on the grounds stated above, the Movants request the Court to enter an Order disqualifying attorney Michael Bakst as attorney for the Trustee in Bankruptcy.

  **I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

By: _____
**Douglas C. Broeker, Esquire**
Florida Bar No. 306738

Respectfully submitted,

By: _____
**Douglas C. Broeker, Esquire**
Florida Bar No. 306738
Doug@broekerlaw.com
SWEETAPPLE, BROEKER & VARKAS, P.L.
777 Brickell Avenue, Suite 600
Miami, Florida 33131
Tel.: (305) 374-5623
Fax.: (305) 358-1023

and

By: _____
**Robert Sweetapple, Esquire**
Florida Bar No. 0296988
rsweetapple@sweetapplelaw.com
SWEETAPPLE, BROEKER & VARKAS, P.L.
199 East Boca Raton Road
Boca Raton, Florida 33432
Tel.: (561) 392-1230
Fax.: (561) 394-6102
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such to: **Marla B Neufeld, Esq., and Michael R. Bakst, Esq.,** 222 Lakeview Ave #800, West Palm Beach, FL 33401, efile1542@ruden.com, efile2565@ruden.com on this **3rd** day of September, 2010.

By: _____
**Douglas C. Broeker, Esquire**
Florida Bar No. 306738

M:\wp51\Active.Client.Files\Trafford BKC\Judge Olson Disqualification Issues\Motions\Final Motion to Disqualify Bakst & Ruden McClosky.wpd

LAW OFFICES OF SWEETAPPLE, BROEKER & VARKAS, P.L.
777 BRICKELL AVENUE, SUITE 600, MIAMI, FLORIDA 33131
8